UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DISTRICT COURT OF GUAM

JUL 16 2007

MARY L.M. MORAN
CLERK OF COURT

| UNITED STATES OF AMERICA, | No. 06-10494 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-06-00006-JW |
| V. | |
| ALEXANDER UNTALAN MESA, | **JUDGMENT** |
| Defendant - Appellant. | |

Appeal from the United States District Court for the USDC - UNITED STATES DISTRICT COURT OF GUAM (HAGATNA).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the USDC - UNITED STATES DISTRICT COURT OF GUAM (HAGATNA) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED.**

Filed and entered 06/19/07

A TRUE COPY 7/11/07
ATTEST
CATHY A. CATTERSON
Clerk of Court
by:
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 19 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 06-10494 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-06-00006-JW |
| v. | |
| ALEXANDER UNTALAN MESA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
James Ware, District Judge, Presiding

Submitted June 8, 2007**
Honolulu, Hawaii

Before: ALARCÓN, BERZON, and TALLMAN, Circuit Judges.

Alexander Untalan Mesa appeals from the District Court's denial of his motion to suppress the evidence seized during a traffic stop on March 12, 2005. Mr. Mesa contends that the evidence seized should be suppressed because the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

police officers lacked reasonable suspicion to support the traffic stop, and the extent of the detention and search violated the Fourth Amendment. We affirm because we conclude that Officer Jesse Manila of the Guam Police Department had reasonable suspicion to stop Mr. Mesa's vehicle, and that the additional line of questioning did not prolong the original traffic stop.

## I

### A

On March 12, 2005, Officer Jesse Manila and Officer Jason Ortiola of the Guam Police Department, while conducting a routine traffic patrol, observed Mr. Mesa's pickup truck "swerving in and out of [its] lane," and "swerving onto the median [emergency] lane." The brake lights of the pickup truck turned on and off as it swerved. Officer Manila also testified that in making a left turn "[t]he vehicle continued to move, as . . . it turned, the light turned red . . . ." Based on these observations, the officers stopped the pickup truck.

As Officer Manila approached the pickup truck, he noted that its windows were heavily tinted. When he reached the vehicle, Mr. Mesa opened the window on the driver's side. Officer Manila observed that Mr. Mesa had "bloodshot red" and "watery" eyes. Officer Manila also noted that Mr. Mesa's speech was slurred. Officer Manila asked Mr. Mesa if he had any drugs or weapons in the vehicle and

2

whether he would consent to a search of the pickup truck. In response, Mr. Mesa stated "sure, you can search." The search of Mr. Mesa's pickup uncovered ammunition and contraband.

## B

On February 15, 2006, a federal grand jury charged Mr. Mesa with being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On March 27, 2006, Mr. Mesa moved to suppress the evidence seized by the officers during the traffic stop. He contended that the officers did not have reasonable suspicion or probable cause to stop his vehicle. The District Court denied Mr. Mesa's motion to suppress after conducting an evidentiary hearing. Officer Manila was the only witness at the suppression hearing.

Mr. Mesa entered a conditional plea of guilty, preserving for appeal the question whether the District Court's denial of his motion to suppress for appeal was erroneous. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291.

## II

## A

Mr. Mesa contends that the District Court erred in denying his motion to suppress because the officers lacked reasonable suspicion that he violated Guam's

3

traffic laws. "The defendant has the burden of proof on a motion to suppress evidence . . . ." *United States v. Willis*, 431 F.3d 709, 715 n.5 (9th Cir. 2005). A District Court's "determination[] of reasonable suspicion . . . [is] reviewed *de novo* on appeal." *Ornelas v. United States*, 517 U.S. 690, 699 (1996). We "review findings of historical fact only for clear error and [we] give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Id.* Additionally, "[w]e must view the evidence in the light most favorable to the government." *United States v. Cervantes-Gaitan*, 792 F.2d 770, 772 (9th Cir. 1986).

In making a reasonable-suspicion determination, the Supreme Court instructed in *United States v. Arvizu*, 534 U.S. 266 (2002), that reviewing courts "must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *Id.* at 273 (internal quotation marks omitted). "[T]he Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." *Id.* (internal citations and quotation marks omitted).

Mr. Mesa contends that Officer Manila lacked reasonable suspicion to stop the pickup truck because none of the conduct he observed, including the swerving

4

of the vehicle, the repeated activation of the brake lights, and the left turn on a yellow light, standing alone, violated any traffic law.

In *Terry v. Ohio*, 392 U.S. 1 (1968), the Court acknowledged that a series of acts observed by an experienced police officer, each of which was "perhaps innocent in itself" could "taken together warrant[] further investigation." *Id.* at 22.

We are persuaded that the District Court did not err in concluding that the totality of the circumstances observed by Officer Manila was sufficient to demonstrate a reasonable suspicion that Mr. Mesa might have been driving under the influence of alcohol or a controlled substance. Accordingly, we hold that the stopping of Mr. Mesa's vehicle did not violate the Fourth Amendment.

## B

Mr. Mesa further asserts that the additional questioning impermissibly exceeded the scope of a vehicle stop for traffic violations. Mere police questioning does not constitute a seizure unless it prolongs the detention of the individual, and, thus, no reasonable suspicion is required to justify questioning that does not prolong the stop. *Muehler v. Mena*, 544 U.S. 93, 101 (2005) (citing *Illinois v. Caballes*, 543 U.S. 405, 408 (2005)). The rule applies to questioning during traffic stops, as well as in other contexts. *United States v. Mendez*, 476 F.3d 1077, 1081 (9th Cir. 2007). The Ninth Circuit in *Mendez* determined that

5

police questioning did not prolong a traffic stop where the entire encounter lasted approximately eight minutes, during which the police ran a records check and searched the vehicle. *Id.* at 1080-81.

The encounter between the police officers and Mr. Mesa up to the time of the arrest took approximately ten minutes. During this time, Officer Manila questioned Mr. Mesa and conducted a search of Mr. Mesa's person and vehicle. In light of the similarities between the facts of the instant case and those in *Mendez*, the officer's questioning did not prolong Mr. Mesa's traffic stop, and, thus any expanded questioning of Mr. Mesa need not have been supported by separate reasonable suspicion.

Viewing the evidence in the light most favorable to the prevailing party, we conclude that the District Court did not err in denying the motion to suppress.

**AFFIRMED**

A TRUE COPY
ATTEST 7/11/07
CATHY A. CATTERSON
Clerk of Court
by: _____
Deputy Clerk